The Honorable Steve Kirk Prosecuting Attorney 15th Judicial District P.O. Box 208 Morrilton, AR 72110
Dear Mr. Kirk:
This is in response to your request for an opinion regarding the jurisdiction of the Morrilton Municipal Court. You note that the municipal judge is elected by the voters of the City of Morrilton, but that once elected, the judge presides over municipal court for all of Conway County. You state that "[t]here is no known agreement between the county and other towns in the county and the City of Morrilton regarding jurisdiction of the court." Your specific question is as follows:
 Can a Municipal Judge preside over all Municipal Court cases filed in a county even though he is elected by just the voters of the county seat and not by voters out in the county? If not, what steps must be taken to give such a Judge jurisdiction over county cases as well as cases in the city and what if anything, should be done regarding fines paid by defendants who pled guilty or were found guilty in such a county court this year and in years past?
It must be initally noted that the jurisdiction of municipal courts is established by state law. See A.C.A. §§ 16-17-206 (Supp. 1989), 16-17-704 (Supp. 1989), and Ark. Const. amend. 64. Thus, while cities and towns may agree for their municipal courts to be presided over by one judge (see, e.g., A.C.A. §§ 16-17-101, 16-17-402 (Supp. 1989) and 16-17-403), at one or more locations (A.C.A. § 16-17-101), reference must be made to state law in order to determine the court's jurisdiction.
Under A.C.A. § 16-17-704(a) (Supp. 1989), the Morrilton Municipal Court has original jurisdiction, coextensive with Conway County, over the following matters:
 (1) Exclusive of justices of the peace and of the circuit court, over violations of all ordinances passed by the city council of the city or quorum court of the county wherein the municipal court is situated;
 (2) Exclusive of justices of the peace in townships subject to this subchapter and concurrent with the circuit court, over misdemeanors committed within the county and issuance of search warrants within the county;
 (3) Concurrent with justices of the peace, and exclusive of the circuit court, in all matters of contract where the amount in controversy does not exceed the sum of one hundred dollars ($100), excluding interest;
 (4) Concurrent with the circuit court in matters of contract where the amount in controversy does not exceed the sum of three thousand dollars ($3,000), excluding interest;
 (5) Concurrent with the circuit court in actions for the recovery of personal property where the value of the property does not exceed the sum of three thousand dollars ($3,000);
 (6) Concurrent with the circuit court in matters of damage to personal property where the amount in controversy does not exceed three thousand dollars ($3,000).
See also Ark. Const. amend. 64.
The municipal court's jurisdiction as set forth under § 16-17-704
is thus coextensive with the county, unless there are two judicial districts, in which case the jurisdiction is limited to the district in which the court is situated. A.C.A. §16-17-704(c) (Supp. 1989); see also A.C.A. § 16-17-206 (Supp. 1989). It seems clear, therefore, in response to the first part of your question, that the election of the municipal judge by the voters of Morrilton, and not by voters out in the county, is not determinative of the extent of the court's jurisdiction. We cannot, in the absence of specific information concerning what type of "Municipal Court cases" are in question, determine whether each case was appropriately filed in the Morrilton Municipal Court. Please note, however, that I have enclosed several Opinions issued in this area that will hopefully offer some general guidance.
With regard to the second part of your question, the municipal court's jurisdiction cannot be expanded beyond that provided for under state law. The question concerning fines paid by defendants would have to be addressed in the context of a specific case or cases before it could be determined whether the court lacked jurisdiction to hear the matter.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb